UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD CROSSROADS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV0506 HEA |
| ) | |
| GANDER MOUNTAIN COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CITY OF ARNOLD, MISSOURI, ) | |
| ) | |
| Intervenor. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Arnold Crossroads, L.L.C. ("Arnold Crossroads") and Intervenor City of Arnold, Missouri's ("City") Motion to Remand Case to State Court [ECF Nos. 12 and 15, respectively]. Defendant Gander Mountain Company ("Gander Mountain") opposes the motions [ECF Nos. 18 and 17, respectively]. Intervenor City of Arnold, Missouri filed a reply to Defendant Gander Mountain Company's opposition [ECF No. 21]. For the reasons set forth below, Plaintiff and Intervenor's Motions to Remand are granted.

## Background

Plaintiff Arnold Crossroads filed this matter against Gander Mountain in state court on February 24, 2009. Defendant Gander Mountain removed this matter to federal court on May 14, 2009 on the grounds of diversity of citizenship. On January 12, 2010, the Court remanded the action to state court. On January 29, 2010, Gander Mountain filed a separate declaratory judgment action against Arnold Crossroads, which Judge Stohr subsequently dismissed on March 23, 2010. *See Gander Mountain Co. V. Arnold Crossroads, L.L.C.*, 2010 WL 1170014 (E.D. Mo. 2010). On November 19, 2010, Defendant Gander Mountain filed another Notice of Removal, which the Court subsequently remanded back to state court. *See* 4:10CV2173 HEA. On March 16, 2012, Defendant Gander Mountain once again filed a Notice of Removal, which is the matter now before the Court. ECF No. 1.

## Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331.  *Peters*

*v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied.  *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).  Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts.  *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).  If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Intervenor City contends that §1441(a) does not permit a defendant to remove less than the entire case. This argument is in response to Defendant Gander Mountain's argument that Plaintiff Arnold Crossroads is not a party in this federal matter because Gander Mountain only removed Intervenor City's claims, not Arnold Crossroads. Under § 1441(a), any "civil action" can be removed. Additionally, the most basic reading of §1441(c) says that the *entire action* can be removed, not piecemeal claims for the parties to choose. Given the basic language of §1441, a party is not permitted to remove less than the entire case. The Court recognizes that case law on this issue is not entirely clear. The Court must resolve all ambiguity in favor of jurisdiction in the state court. *Masepohl v. American*

*Tobacco Company, Inc*., 974 F.Supp. 1245, 1249 (D.Minn.1997). Additionally, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). For these reasons, and for some of the same reasons offered in the Court's previous remand orders in this matter, Plaintiff Arnold Crossroads and Intervenor City's motions to remand are granted.

**IT IS HEREBY ORDERED** that Plaintiff Arnold Crossroads, L.L.C. and Intervenor City of Arnold, Missouri's Motions to Remand Case to State Court [ECF Nos. 12 and 15, respectively] are both **GRANTED**.

Dated this 26th day of April, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE